IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY R. VENUTO                                                                  PLAINTIFF

V.                                                         CAUSE NO. 1:13CV198-LG-JCG

JACKSON COUNTY, MISSISSIPPI;
JACKSON COUNTY SHERIFF'S DEPARTMENT;
SHERIFF MIKE BYRD AND OFFICER DONNIE
MOORE in their individual and official capacities;
and UNKNOWN DEFENDANTS 1-5                                              DEFENDANTS

### ORDER GRANTING DEFENDANT JACKSON COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS

BEFORE THE COURT is the [2] Motion to Dismiss filed by the Jackson County Sheriff's Department.  Plaintiff Anthony R. Venuto did not oppose the Motion and the time for doing so has now expired under Local Uniform Civil Rule 7.  Having considered the Motion, the Court is of the opinion that the Motion to Dismiss the Jackson County Sheriff's Department should be granted.

### BACKGROUND

Plaintiff filed this action on December 13, 2012 in the Circuit Court of Jackson County, Mississippi against Jackson County, Mississippi, Jackson County Sheriff's Department, Jackson County Sheriff Mike Byrd, and Jackson County police officer Donnie Moore.  Defendants subsequently removed this action to this Court on April 24, 2013.  Defendant Jackson County Sheriff's Department ("the Department") thereafter moved to dismiss the action against it under Federal Rule of Civil Procedure 12 on the ground that it is not a legal entity subject to suit.

## STANDARD OF REVIEW

While the Department fails to state under which subsection of Federal Rule of Civil Procedure 12 it is moving, the Court construes the Department's motion as a Rule 12(b)(6) motion for failure to state claim upon which relief can be granted. "Under the Rule 12(b)(6) standard of review, this court accepts 'all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (citation omitted). "A claim may not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nottingham v. Richardson*, 499 F. App'x 368, 372 (5th Cir. 2012) (citation omitted).

## DISCUSSION

Construing all claims against the Department in the light most favorable to Plaintiff, the Court agrees with the Department that it is not subject to suit in this action and all claims against it are due to be dismissed. Under Federal Rule of Civil Procedure 17(b), the Department's capacity to be sued is determined by the law of the State of Mississippi. Under Mississippi law, a county sheriff's department, like the Jackson County Sheriff's Department, "does not enjoy a separate legal existence" apart from the County and thus lacks capacity to be sued. *See Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006); *Payne v. Dickerson*, No. 3:07CV3-P-D, 2008 WL 1724003, at *6 (N.D. Miss. Apr. 10, 2008) ("Because the Marshall County Sheriff's Department under the laws of the state of Mississippi

has no legal identity separate from Marshall County it is not subject to suit."). Therefore, Plaintiff is unable to state a claim upon which relief can be granted against the Department. *See, e.g.*, *Tuesno v. Jackson*, No. 5:08-CV-302(DCB)(JMR), 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (dismissing claims against county sheriff's department because that department was not a political subdivision or legal entity in and of itself, but was merely a department of the County).

## CONCLUSION

Because the Jackson County Sheriff's Department lacks capacity to be sued, it is beyond doubt that Plaintiff can prove no set of facts in support of any claim against that Department.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [2] Motion to Dismiss the Jackson County Sheriff's Department is **GRANTED**. All claims against the Jackson County Sheriff's Department are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

3