IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY R. VENUTO**                                              **PLAINTIFF**

V.                                                  **CAUSE NO. 1:13CV198-LG-JCG**

**JACKSON COUNTY, MISSISSIPPI;
JACKSON COUNTY SHERIFF'S DEPARTMENT;
SHERIFF MIKE BYRD AND OFFICER DONNIE
MOORE in their individual and official capacities;
and UNKNOWN DEFENDANTS 1-5**          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS
SHERIFF MIKE BYRD AND OFFICER DONNIE MOORE'S MOTION FOR
SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY AND STATE
LAW INDIVIDUAL IMMUNITY**</u>

BEFORE THE COURT is the [8] Motion for Summary Judgment Based on Qualified Immunity and State Law Individual Immunity filed by Defendants Jackson County Sheriff Mike Byrd ("Sheriff Byrd") and Jackson County police officer Donnie Moore ("Officer Moore") (collectively, "Defendants") in their individual capacities.  Plaintiff Anthony R. Venuto did not oppose the Motion and the time for doing so has now expired under Local Uniform Civil Rule 7.  Having considered the Motion, including the evidence submitted in support thereof, the Supporting Memorandum, and relevant law, the Court is of the opinion that the Motion is should be granted.

**BACKGROUND**

Plaintiff's case arises out of an incident that occurred on September 9, 2011, at a gas station in Vancleave, Mississippi.  Officer Moore and another officer responded to a disturbance call by a gas station employee, and ultimately arrested

Plaintiff for disorderly conduct, simple assault, and resisting arrest. Plaintiff then filed this action in the Circuit Court of Jackson County, Mississippi against Jackson County, Mississippi, Jackson County Sheriff's Department, and Sheriff Byrd and Officer Moore in their individual and official capacities, alleging violations of his First, Fourth, and Fourteenth Amendment rights and various state law claims. The action was removed to this Court, and Sheriff Byrd and Officer Moore moved for summary judgment on the individual capacity claims against them.

Plaintiff was given sufficient time to complete discovery related to immunity issues, but failed to do so and also failed to respond to Defendants' Motion for Summary Judgment. The Court notes that allegations in a Complaint are insufficient to create a genuine issue of material fact on summary judgment. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (on summary judgment, factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts). Therefore, the Court finds the following facts undisputed based on the evidence before it for purposes of Defendants' immunity defense:

On September 9, 2011, after his credit card was rejected at a gas station pump, Plaintiff entered the gas station and a dispute ensued between Plaintiff and one or more of the gas station employees. Employee Sharron Dawn McKee ("McKee") placed a disturbance call to the Jackson County Sheriff's Department. Officer Moore and Officer Heath Kelley ("Officer Kelley") were then dispatched to

the scene.

On his arrival at the scene, Officer Moore spoke with McKee. She told him that when Plaintiff tried to use his credit card at the gas pump to pay for gas and the card did not work, he entered the store and screamed at her. McKee told Officer Moore that she then swiped the card for Plaintiff, but Plaintiff snatched the receipt from her, refused to sign it, and returned to his vehicle cursing and yelling. While Officer Moore was speaking to McKee, Plaintiff again entered the store yelling about the receipt. Officer Moore instructed Plaintiff to return to his vehicle.

After speaking with McKee, Officer Moore exited the store and he and Officer Kelley approached Plaintiff. During the approximately five minute conversation with Plaintiff that ensued, Plaintiff cursed and yelled at both officers, including getting close to Officer Moore's face while doing so and threatening both officers with bodily harm. The officers then advised Plaintiff that he was being placed under arrest and told him to place his hands behind his back. Plaintiff refused. The officers struggled with Plaintiff briefly and then were able to handcuff him and place him in the back of Officer Moore's patrol car. Officer Kelley told Plaintiff that his walking cane was not needed and handed the cane to Plaintiff's wife, who was sitting in the vehicle.[1] Officer Moore then took Plaintiff to the Jackson County

---

[1] Plaintiff claims in his Complaint that Officer "Moore grabbed the cane from the inside of [Plaintiff's] pickup, then tossed it into the truck bed and told [Plaintiff] that he wouldn't need a cane where he was going." (Compl. 3 (¶11), ECF No. 4-1). However, Plaintiff has not offered any evidence on summary judgment to support this allegation. *See King*, 31 F.3d at 346. Likewise, although Plaintiff claims in his Complaint that while in the patrol car, Officer Moore "pulled Plaintiff from the back

Adult Detention Center, where he was charged with disorderly conduct, simple assault, and resisting arrest.

## STANDARD OF REVIEW

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Plaintiff has not submitted any argument or evidence in opposition to Defendants' Motion.  Nevertheless, Defendants have the burden of establishing the absence of a genuine issue of material fact and, unless they have done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

Having reviewed Defendants' Motion and the supporting evidence, the Court finds that Defendants have met their burden of establishing the absence of a genuine issue of material fact on the claims against them in their individual capacities, and, thus, are entitled to judgment as a matter of law on those claims.

---

seat and caused him physical harm by pulling his arms up while he was in handcuffs" and that Officer Moore "further injured Plaintiff by pushing and twisting a yellow gun into his back" (Compl. 4 (¶14), ECF No. 4-1), Plaintiff has presented no evidence of these allegations on summary judgment. *See King*, 31 F.3d at 346. Officer Moore's evidence that he did not touch Plaintiff in the patrol car (Moore Aff. 2, ECF No. 8-2) is therefore undisputed. *See id.* ("In the face of the defendant's properly supported motion for summary judgment, the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint.") (citation and quotation marks omitted).

**DISCUSSION**

I.   **Federal law claims**

Plaintiff makes the following claims against Defendants pursuant to 42 U.S.C. § 1983:

   (1)   excessive force in violation of the Fourth and Fourteenth Amendments (Count One);

   (2)   false arrest/imprisonment in violation of the Fourth and Fourteenth Amendments (Count Two); and

   (3)   First Amendment retaliation (Count Three).

As an initial matter, the Court agrees with Defendants that Plaintiff may not pursue his excessive force claim under the Due Process Clause of the Fourteenth Amendment.  Rather, the Fourth Amendment governs such claims.[2]  *See Graham v. Connor*, 490 U.S. 386, 395 (1989).  Accordingly, Defendants are entitled to judgment as a matter of law in their individual capacities on Plaintiff's Fourteenth Amendment excessive force claim.[3]

---

[2] Plaintiff could not state an excessive force claim under the Equal Protection Clause, either, since he does not allege that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (*citing City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)).

[3] The Court disagrees with Defendants that Plaintiff cannot state a false imprisonment/false arrest claim under the Fourteenth Amendment. *See Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988) ("Claims of false arrest [and] false imprisonment . . . involve the guarantees of the fourth and fourteenth amendments when the individual complains of an arrest [and] detention . . . without probable cause.").  However, as discussed herein, that claim will be dismissed for other reasons.

Qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios,* 381 F.3d 391, 393 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  A government official is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002).  If an official's conduct was objectively reasonable, it does not matter if that official's conduct violated a constitutional right; he is still entitled to qualified immunity. *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996).  When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate that the defense does not apply. *McClendon,* 305 F.3d at 323.

In evaluating a claim of qualified immunity, the Court considers (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009).  Courts have discretion to determine which of these questions to address first. *Pearson*, 555 U.S. at 236.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533

U.S. at 202.

### A. Sheriff Byrd

Sheriff Byrd cannot be liable under § 1983 on a respondeat superior theory; he must have been personally involved in Plaintiff's alleged injury to be liable. *See Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). There are no allegations in Plaintiff's Complaint that Sheriff Byrd was involved in the incident at issue. In fact, Sheriff Byrd denies any personal involvement and the Plaintiff has failed to demonstrate otherwise. At this summary judgment stage it is incumbent upon the Plaintiff to create an genuine issue of material fact. Specifically, that Sheriff Byrd was somehow personally involved in the incident which makes up the underlying claims in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability in inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution.") (emphasis added).[4]

### B. Officer Moore

#### i. Excessive force (Count One)

"[T]o state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from

---

[4] Plaintiff's Complaint alleges that "the County and the Sheriff's Department failed to adequately and properly supervise and train its law enforcement officers, including Deputy Moore, in various aspects of law enforcement procedure and substance" (Compl. 6 (¶32), ECF No. 4-1). Policy and custom claims against Sheriff Byrd in his official capacity are essentially claims against Jackson County, Mississippi, and are not before the Court in this Motion.

the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008). "Permissible force depends on the [1] severity of the crime at issue, [2] whether the suspect posed a threat to the officer's safety, and [3] whether the suspect was resisting arrest or attempting to flee." *Aguilar v. Robertson*, 512 F. App'x 444, 448 (5th Cir. 2013) (citations and quotation marks omitted).

While Plaintiff alleges in his Complaint that the officers grabbed him and pulled him to the police car, he has offered no evidence on summary judgment to support this allegation. Instead, the undisputed summary judgment facts show that the only force used on Plaintiff by Officer Moore was a brief altercation in order for the officers to handcuff Plaintiff when he refused to be handcuffed. Considering the factors outlined above, under the circumstances – including Plaintiff's physical threats to the officers and his refusal to be handcuffed – the Court finds that the brief use of force in order to handcuff Plaintiff was not excessive. Thus, Plaintiff has failed to demonstrate a constitutional violation against Officer Moore. In addition, the use of force outline above was not objectively unreasonable. *See Wagner v. Bay Cit, Tex.*, 227 F.3d 316, 321 (5th Cir. 2000) ("[E]ven law enforcement officials who reasonably but mistakenly use excessive force are entitled to immunity.") (citation and quotation marks omitted). Accordingly, the Court finds that Officer Moore is entitled to qualified immunity on Plaintiff's excessive force claim against him.

### ii.     False arrest/false imprisonment (Count Two)

To prevail on his § 1983 false arrest/false imprisonment claim, Plaintiff must show that Officer Moore did not have probable cause to arrest him. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Id.* at 655-56 (citation omitted). Therefore, Officer Moore is entitled to immunity "if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [Officer Moore] was aware, there was a fair probability that [Plaintiff] had committed or was committing an offense." *Id.* at 656. When there is more than one charge, probable cause need only exist for one of the charges. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009).

Defendants have not presented any evidence that tends to show that Plaintiff was convicted of one or more of the offenses with which he was charged. In that event claims for false arrest/false and imprisonment would be barred since a conviction necessarily implies that there was probable cause for an arrest. *See Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887 (5th Cir. 2012). Regardless, in the absence of evidence of conviction for the underlying offenses, the Court finds that at a minimum, Officer Moore could have reasonably believed that there was a fair probability that Plaintiff had committed or was committing at least one of the

9

offenses with which he was ultimately charged. For example, Officer Moore could have reasonably believed that there was a fair probability that Plaintiff had committed a simple assault against him by threatening him with bodily harm and yelling and cursing at him, including getting close to his face while doing so. *See* Miss. Code Ann. 97-3-7(1)(a) ("A person is guilty of simple assault if he . . . attempts by physical menace to put another in fear of imminent serious bodily harm . . . ."). Furthermore, again, Plaintiff has offered no evidence to show otherwise. *See O'Dwyer v. Nelson*, 310 F. App'x 741, 745 (5th Cir. 2009) ("As applied to the qualified immunity inquiry, the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime."). Officer Moore is entitled to summary judgment in his individual capacity on Plaintiff's false arrest/false imprisonment claims.

### iii. First Amendment retaliation (Count Three)

A citizen is entitled to bring a claim for First Amendment retaliation against a government official in his individual capacity, such as Plaintiff's claim against Officer Moore in this action. *See Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). However, to establish such a claim, Plaintiff must show (1) that he was engaged in constitutionally protected activity, (2) that Officer Moore's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that Officer Moore's actions were substantially motivated against Plaintiff's exercise of constitutionally protected conduct. *Keenan*

*v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Even if Plaintiff could show these elements, Officer Moore would still be entitled to immunity "[i]f probable cause existed, . . . or if reasonable police officers could believe probable cause existed" for Plaintiff's arrest. *Id.* at 262.

Officer Moore argues that he is entitled to qualified immunity on Plaintiff's First Amendment retaliation claim because probable cause existed to arrest Plaintiff. The Court finds that Officer Moore is entitled to immunity for a more fundamental reason: there is no allegation or evidence currently before the Court that Plaintiff was engaged in speech protected by the First Amendment. Regardless, Officer Moore is also entitled to summary judgment in his individual capacity on Plaintiff's First Amendment retaliation claim because, as discussed above, a reasonable police officer could have believed that probable cause existed for Plaintiff's arrest.

## II. State law claim of negligent infliction of emotional distress

Plaintiff's state law claim of negligent infliction of emotional distress (contained in Count Six) is only against Officer Moore and unknown defendants in their individual capacities.[5] (Compl. 7 (¶35), ECF No. 4-1). Officer Moore claims that he cannot be held liable for negligent infliction of emotional distress based on Miss. Code Ann. § 11-46-7(2) which provides, in pertinent part, that no employee of

---

[5] Plaintiff also alleges state law claims of assault and battery and intentional infliction of emotional distress against Officer Moore and the unknown defendants, but Officer Moore has not moved for summary judgment on those claims at this time.

11

a governmental entity "shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." There is no genuine issue of material fact that all alleged acts by Officer Moore occurred within the course and scope of his police officer duties in responding to a public disturbance telephone call. Therefore, Officer Moore is entitled to summary judgment on Plaintiff's state law claim for negligent infliction of emotional distress against him in his individual capacity. *See Bell v. Miss. Dep't of Human Servs.*, 126 So. 3d 999, 1003 (Miss. Ct. App. 2013) (county official acting within course and scope of her employment could not be held liable in her individual capacity on state law claim); *McBroom v. Payne*, 1:06CV1222-LG-JMR, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010) (county police sergeant acting in the course and scope of employment held immune from plaintiff's negligent infliction of emotional distress claim).

## CONCLUSION

There is no genuine issue of material fact with respect to the immunity defenses raised by Sheriff Byrd and Officer Moore in their individual capacities.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion for Summary Judgment Based on Qualified Immunity and State Law Individual Immunity by Defendants Jackson County Sheriff Mike Byrd and Jackson County police officer Donnie Moore in their individual capacities is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Counts One, Two, and Three against Sheriff Byrd and Officer Moore in their individual capacities and Plaintiff's claim for negligent infliction of emotional distress against Officer Moore

in Count Six are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 16th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE