IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY R. VENUTO                                                                 PLAINTIFF

v.                                                             CAUSE NO. 1:13CV198-LG-JCG

JACKSON COUNTY, MISSISSIPPI, ET AL.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS JACKSON COUNTY, MISSISSIPPI, SHERIFF MIKE BYRD, AND OFFICER DONNIE MOORE

BEFORE THE COURT is the [44] Motion for Summary Judgment filed by Defendants Jackson County, Mississippi, Sheriff Mike Byrd, and Officer Donnie Moore, the only remaining named defendants. The Court has carefully considered the submissions of the parties. Having done so, the Court is of the opinion that the Motion should be granted.

Plaintiff's official capacity claims against Sheriff Byrd and Officer Moore are redundant of the claims against the County. Moreover, Plaintiff's state law claims are time-barred and are not saved by the tolling provisions of the Mississippi Tort Claims Act (MTCA). Finally, Plaintiff's federal constitutional claims brought pursuant to 42 U.S.C. § 1983 fail for multiple reasons. His claims for excessive force and false arrest/imprisonment are not cognizable because there is no evidence of any official policy or custom of the County condoning or authorizing excessive force or unlawful or false arrests. Furthermore, Plaintiff has not responded to Defendants' arguments regarding his claims for First Amendment retaliation and failure to train/supervise, and the Court finds that there are no genuine issues of material fact that would warrant denial of summary judgment on those claims.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's case arises out of an incident that occurred on September 9, 2011, at a gas station in Vancleave, Mississippi.  After his credit card was rejected at the gas station pump, Plaintiff entered the gas station and a dispute ensued between Plaintiff and one or more of the gas station employees.  Employee Sharron Dawn McKee placed a disturbance call to the Jackson County Sheriff's Department.  Officer Moore and Officer Heath Kelley were then dispatched to the scene.

On his arrival at the scene, Officer Moore spoke with McKee.  She told him that when Plaintiff tried to use his credit card at the gas pump to pay for gas and the card did not work, he entered the store and screamed at her.  McKee told Officer Moore that she then swiped the card for Plaintiff, but Plaintiff snatched the receipt from her, refused to sign it, and returned to his vehicle cursing and yelling.  After speaking with McKee, the officers went outside to speak with Plaintiff.

The parties' versions of what happened next differ greatly.[1]  Plaintiff claims that he was mistreated by Officer Moore, including that the officer handcuffed Plaintiff and took away his walking cane and threw it in the back of Plaintiff's truck, even though he never resisted and even though he told the officers that he had pre-existing injuries.  He also claims that the officers told him that "Obama

---

[1] For example, according to Defendants, during the approximately five minute conversation with Plaintiff that ensued, Plaintiff cursed and yelled at both officers, including getting close to Officer Moore's face while doing so and threatening both officers with bodily harm.  Plaintiff denies this and, for summary judgment purposes, the Court accepts Plaintiff's denial as true.

cannot help you now" and "Where is Obama now?" After placing Plaintiff under

arrest, Officer Moore eventually took Plaintiff to the Jackson County Adult

Detention Center. Plaintiff claims that Officer Moore also mistreated him on the

way to the jail and once they arrived there. Plaintiff was charged with disorderly

conduct, simple assault, and resisting arrest, but was not convicted of any of these

charges.

Plaintiff then filed this action in the Circuit Court of Jackson County,

Mississippi, against Jackson County, the Jackson County Sheriff's Department, and

Sheriff Byrd and Officer Moore in their individual and official capacities. He

alleged various state law claims, as well as federal claims pursuant to 42 U.S.C. §

1983 for violations of his constitutional rights. The action was removed to this

Court, which dismissed the Jackson County Sheriff's Department, as that entity is

not subject to suit. Sheriff Byrd and Officer Moore subsequently moved for

summary judgment in their individual capacities based on qualified immunity from

the federal claims against them. Officer Moore also moved for summary judgment

on the state law claim for negligent infliction of emotional distress against him.

Plaintiff failed to respond to the Motion, and the Court granted the Motion and

dismissed the § 1983 individual capacity claims against Sheriff Byrd and Officer

Moore. The Court also dismissed the negligent infliction of emotional distress claim

against Officer Moore. The County, Sheriff Byrd, and Officer Moore have now

moved for summary judgment on the remaining claims. Plaintiff has opposed the

Motion, and Defendants have replied.

**STANDARD OF REVIEW**

Summary judgment is mandated against the party who fails to make a
showing sufficient to establish the existence of an element essential to that party's
case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e);
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment
shall be granted "if the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a). In reviewing a summary judgment motion, the Court views the
evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit
Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).

As movants, Defendants bear the initial burden of identifying those portions
of the pleadings and discovery on file, together with any affidavits, which they
believe demonstrate the absence of a genuine issue of material fact. *Celotex*, 477
U.S. at 323-25. If they carry this burden, the burden shifts to Plaintiff to show that
summary judgment should not be granted. *Id.* at 324-25. Plaintiff may not rest
upon mere allegations in his complaint, but must set forth specific facts showing the
existence of a genuine issue for trial. *Abarca*, 404 F.3d at 940. This requires
Plaintiff "to identify specific evidence in the record and to articulate the precise
manner in which that evidence supports his . . . claim." *Ragas v. Tenn. Gas Pipeline
Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

## DISCUSSION

For purposes of this Motion, the Court accepts Plaintiff's version of the facts as true as it must.  In doing so, the Court is still of the opinion that Defendants are entitled to summary judgment.

Plaintiff's official capacity claims against Sheriff Byrd and Officer Moore are redundant of his claims against Jackson County and will be dismissed for that reason.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Graham v. Hodge*, 69 F. Supp. 3d 618, 627 (S.D. Miss. 2014).  The only remaining claims with respect to the individual defendants are Plaintiff's state law claims for assault and battery and intentional infliction of emotional distress against Officer Moore in his individual capacity.  (*See* Compl. 7 (¶35), ECF No. 1-1).  While Officer Moore claims to be moving for summary judgment in his official capacity on the state law claims, there are no such claims.  In any event, the Court finds that the state law claims are time-barred, and must be dismissed.[2]

Furthermore, while there are disputed facts regarding what actually happened on the date of the incident, there are no disputed facts with respect to whether *the County* can be held liable, *i.e.*, whether an official policy was the moving force behind the constitutional violations alleged.  Plaintiff has also failed to respond to Defendants' arguments with respect to his First Amendment retaliation

---

[2] There are no state law claims stated against the County.  To the extent Plaintiff argued in his Opposition that Sheriff Byrd should be liable for the state law claims, those claims would be time-barred for the same reasons discussed herein.

claim and his claim for failure to train/supervise, and the Court finds that there are

no genuine issues of material facts regarding those claims, either.  Accordingly, this

action will be dismissed in its entirety.

## I.      State Law Claims

The incident giving rise to Plaintiff's claims occurred on September 9, 2011.

Plaintiff did not file his Complaint until December 3, 2012.  Plaintiff's state law

claims for assault and battery and intentional infliction of emotional distress are

thus barred by the applicable one-year statute of limitations.  *See, e.g.*, *Ducksworth*

*v. Rook*, No. 2:14-cv-146-KS-MTP, 2015 WL 737574, at *4-5 (S.D. Miss. Feb. 20,

2015); *see also* Miss. Code § 15-1-35; *Jones v. Fluor Daniel Servs. Corp.,* 32 So. 3d

417, 423 (Miss. 2010).

The tolling provisions of the MTCA do not save Plaintiff's claims.  For

example, in *Gilmer v. Trowbridge*, No. 3:08cv136TSL-JCS, 2009 WL 4113711 (S.D.

Miss. Nov. 23, 2009), the plaintiff argued

> that the statute of limitations applicable to his claims is not the one
> year statute of limitations in § 15-1-35, but rather is the statute of
> limitations in the MTCA, . . . which establishes a one-year limitations
> period, but also provides for tolling of that period for the purpose of the
> claimant's filing a mandatory notice of claim with the governmental
> entity.  Plaintiff evidently takes the position that his notice of claim
> letter required under the [MTCA] tolled the statute of limitations for
> purposes of his claims [for plaintiff's intentional tort claims brought
> pursuant to Mississippi state law].  However, this argument is without
> merit.
>
> . . .
>
> [I]f [the officer sued] was acting in the course and scope of his
> employment, then he is . . . immune from liability on all state law

claims. . . .  If, however, he was acting outside the course and scope of his employment during the times alleged by plaintiff, then [the officer] would not be entitled to the immunity from personal liability provided by the MTCA, but in that case, the applicable statute of limitations for plaintiff's claims for . . . assault and battery and intentional inflection of emotional distress . . . would be § 15-1-35.  Thus, whether or not the MTCA applies to these claims, they are due to be dismissed.

*Id.* at *3-4; *see also Meaux v. Mississippi*, No. 1:14cv323-KS-RHW, 2015 WL 3549579, at *5 (S.D. Miss. June 8, 2015).  The Court reaches the same results on Plaintiff's state law claims here.

## II.    Section 1983 Claims

The County is the sole remaining Defendant with respect to Plaintiff's claims brought pursuant to § 1983 claims for: (1) excessive force in violation of the Fourth and Fourteenth Amendments; (2) false arrest/imprisonment in violation of the Fourth and Fourteenth Amendments; (3) First Amendment retaliation; and (4) failure to train/supervise.[3]  The County cannot be liable under § 1983 pursuant to a theory of *respondeat superior*.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010).  "A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'"  *Peterson v. City of Forth Worth*, 588 F.3d 838, 847

---

[3] Additionally, the parties addressed malicious prosecution in their briefing, even though it is unclear to the Court whether Plaintiff even attempted to state a malicious prosecution claim pursuant to § 1983 in his Complaint.  In any event, the Fifth Circuit does not recognize such a claim.  *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003); *see also Taylor-Hill v. Keyes*, No. 2:04-cv-40-MTP, 2006 WL 3231962, at *1-2 (S.D. Miss. Nov. 7, 2006).

(5th Cir. 2009) (citation omitted); *see also Monell*, 436 U.S. at 691. "To establish

municipal liability under § 1983, a plaintiff must show that (1) an official policy (2)

promulgated by the municipal policymaker (3) was the moving force behind the

violation of a constitutional right." *Id.*; *see also Monell*, 436 U.S. at 691

(acknowledging that "Congress did not intend municipalities to be held liable unless

action pursuant to official municipal policy of some nature caused a constitutional

tort").

The Court is unpersuaded by Plaintiff's argument that summary judgment

should be denied because "Mississippi state law and the facts of this case

demonstrates [*sic*] that the Defendant, Sheriff Byrd, was the ultimate policymaker

for police procedure" in the County "at the time of events in question[, and that] he

was acting through his Deputies to enforce laws." (Pl.'s Opp. 10, ECF No. 50).

First, there is no dispute that Byrd was a policymaker. Second, Plaintiff relies on

Mississippi Code § 19-25-19 for the proposition that a sheriff acts through his

deputies, and, thus, is liable for their actions. However, the Fifth Circuit has found

that this "argument incorrectly assumes that the more expansive Mississippi law

overrides the distinctly restrained policy of *Monell*." *See Coon v. Ledbetter*, 780 F.2d

1158, 1162 (5th Cir. 1986). The Court makes the same finding here. *See, e.g.*, *id.*

Rather, to prevail on his claims, Plaintiff must show that an official policy or

custom of the County was the moving force behind any alleged constitutional

violation (even assuming for purposes of summary judgment that he could prove a

constitutional violation).  *See, e.g.*, *Simmons v. City of Columbus*, 425 F. App'x 282, 284 (5th Cir. 2011).  Plaintiff has failed to do this.  As a result, the Court finds summary judgment in favor of Defendants proper on his § 1983 claims for excessive force and false arrest/imprisonment.  *See, e.g.*, *id.*  Plaintiff has also failed to respond to Defendants' arguments or otherwise create a genuine issue of material fact on his claims for First Amendment retaliation and failure to train/supervise.

## A.      Excessive Force

Plaintiff may not pursue his excessive force claim under the Due Process Clause of the Fourteenth Amendment.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989).  Likewise, Plaintiff cannot state an excessive force claim under the Equal Protection Clause of the Fourteenth Amendment because there is no evidence that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."  *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)); *see also White v. Harris Cty.*, No. H-07-2112, 2009 WL 911474, at *4 (S.D. Tex. Mar. 31, 2009).

With respect to Plaintiff's Fourth Amendment excessive force claim, Plaintiff has failed to identify an official policy that condones or authorizes excessive force.  *See, e.g.*, *Levins v. City of Gulfport*, No. 1:04cv728LG-R, 2006 WL 2849839, at *3 (S.D. Miss. Sept. 29, 2006); *see also Duke v. Cartlidge*, No. 5:04cv322DCBJMR, 2006 WL 2788541, at *4 (S.D. Miss. Sept. 26, 2006) (plaintiff's burden is to show "the

existence of a [county] policy or custom authorizing, condoning, or instructing use of excessive force by its deputies"). While the Court agrees with Plaintiff that a written regulation is not required to establish an official policy, Plaintiff has failed to offer *any* evidence – written or otherwise – that would overcome summary judgment in the County's favor on the § 1983 claims. *See Levins*, 2006 WL 2849839, at *3 ("Plaintiff also fails to provide evidence of a widespread practice of relevant constitutional violations that would amount to a custom constituting official policy."); *see also Duke*, 2006 WL 2788541, at *4. Therefore, even accepting Plaintiff's allegations related to the officers' conduct as true, the County is entitled to summary judgment. *See Levins*, 2006 WL 2849839, at *3.

Plaintiff's only evidence of an official policy or custom is the Jackson County Sheriff's Department's Policy pertaining to "Use of Force: Deadly & Less Lethal Force," (*see* Ex. D to Pl.'s Mot., ECF No. 49-4), which policy supports the grant of summary judgment in the County's favor not its denial. *See, e.g.*, *Duke,* 2006 WL 2788541, at *4. Indeed, the policy authorizes constitutional behavior; it "cannot be said to authorize unconstitutional behavior." *See id.* Plaintiff himself acknowledged as much in his interrogatory responses when he stated that the officers actually failed to follow policy. (*See* Pl's. Resp. to Inter., Ex. G to Def.'s Mot. ECF No. 44-7, at Inter. No. 5). He now is in essence requesting that the County be held liable under a theory of *respondeat superior*, which is inappropriate. *See Valle*, 613 F.3d at 541.

**B.**     **False Arrest/False Imprisonment**

To prevail on his § 1983 false arrest/false imprisonment claim, Plaintiff must show that there was not probable cause to arrest him.  *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).  "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'"  *Id.* at 655-56 (citation omitted).

The facts as to whether probable cause existed for Plaintiff's arrest are contested among the parties.  Nevertheless, even if Plaintiff could show that there was not probable cause to arrest him, summary judgment is mandated in favor of the County because there is no evidence of "any official policy that condones or authorizes unlawful and false arrests . . . or any other constitutional violation."  *See Levins,* 2006 WL 2849839, at \*3; *Pope v. Kallas*, No. 1:02cv99WJGJMR, 2006 WL 130307, at \*3 (S.D. Miss. Jan. 13, 2006).  "Plaintiff also fails to provide evidence of a widespread practice of relevant constitutional violations that would amount to a custom constituting official policy."  *See Levins,* 2006 WL 2849839, at \*3; *Pope*, 2006 WL 130307, at \*3.  His argument that the fact that he was arrested for three offenses – as opposed to a single offense – shows that this was not an isolated incident, and, thus, the County should be held liable, is unsupported by law.

Plaintiff states that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."  (Pl.'s Opp. 12, ECF

No. 50).  This is a correct statement of the law.  *See generally Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).  "However, this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker."  *Valle*, 613 F.3d at 542.  Accordingly, to take advantage of this exception, at the very least there must be evidence that a policymaker (such as Sheriff Byrd) directed the decision, which evidence is lacking in this action.  *See Chisolm v. Desoto Police Dep't*, 558 F. App'x 481, 482 (5th Cir. 2014) ("Although [Plaintiff] also asserted the applicability of the 'single incident exception' to municipal liability, he has not shown that a policymaker committed an unconstitutional act that would then be attributable to the municipality."); *see also, e.g.*, *Briseno v. Cty. of El Paso*, No. EP-11-cv-54-PRM, 2011 WL 4626002, at *7 n.13 (W.D. Tex. Sept. 30, 2011).

### C.    First Amendment Retaliation

Plaintiff is a private citizen and not a public employee.  Therefore, for his First Amendment retaliation claim, he must show (1) that he was engaged in a constitutionally protected activity; (2) that the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that the defendants' adverse actions were substantially motivated against his exercise of constitutionally protected conduct. *See Culbertson v. Lykos*, 790 F.3d 608, 618 (5th Cir. 2015).  The County has met its summary judgment burden on this claim.  However, Plaintiff has not even

attempted to create a genuine issue of material fact regarding whether he was engaged in a constitutionally protected activity or, even if he had been, that the actions at issue were motivated against his exercise of constitutionally protected conduct. *See Ragas*, 136 F.3d at 458; *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (the Court will not, in the absence of proof, assume that Plaintiff could or would prove the necessary facts). Summary judgment in favor of the County is also warranted on this claim.

### D.    Failure To Train/Supervise

To prevail on his § 1983 failure to train/supervise claim, Plaintiff "must show that: '(1) the [County through Sheriff Byrd] failed to supervise or train [Officer Moore]; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's [constitutional] right; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citation omitted). For an official "'to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (citation omitted). "To establish deliberate indifference, 'a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation.'" *Id.* (citation omitted).

Even if Plaintiff had established a constitutional violation, there is no evidence of a pattern of violations; Plaintiff does not address this claim at all. *See*

13

*id.* ("Where a plaintiff fails to establish deliberate indifference, the court need not

address the other two prongs of supervisor liability.").  The County is not liable for

any failure to train/supervise.  *See, e.g.*, *id.* at 395-96; *see also Culbertson*, 790 F.3d

at 625; *Duke*, 2006 WL 2788541, at \*5.

**CONCLUSION**

Plaintiff's claims against the officers in their official capacities are redundant

of the claims against the County.  His state law claims for intentional infliction of

emotional distress and assault and battery are time-barred.  Finally, Plaintiff's

constitutional claims against the County pursuant to § 1983 fail for all the reasons

discussed herein, including his failure to establish the existence of a policy or

custom authorizing or condoning the alleged unconstitutional conduct.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [44] Motion

for Summary Judgment filed by Defendants Jackson County, Mississippi, Sheriff

Mike Byrd, and Officer Donnie Moore is **GRANTED**.  This action is **DISMISSED**

**WITH PREJUDICE**.[4]  A separate judgment will be entered accordingly.

**SO ORDERED AND ADJUDGED** this the 11th day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[4] Plaintiff also sued Does 1-5, but has never substituted named Defendants. As the time for doing so has expired, the Doe Defendants are dismissed.